State
v.
Jenkins.

The STATE *against* CATO JENKINS.

One Judge of the Supreme Court, in the absence of the others, may legally impanel and charge the Grand Jury.

MOTION in arrest.

The defendant had been indicted for larceny, and found guilty by verdict of the Jury.

The motion was grounded on an exception to the array of the panel of Grand Jurors who presented the indictment, for that they were not legally impanelled, in this, that the foreman had been appointed, and the Jurors charged by one Judge in the absence of the others, not constituting a quorum of the Court for these purposes, the other Judges not having been interested, or of counsel. •

*Vermont* Stat. vol. 1. p. 55.

In support of the motion it was urged, that the 6th section of the act constituting the Supreme Court of Judicature and County Courts, defining their powers and regulating judicial proceedings, enacts, " That there shall be, and hereby is constituted a Supreme Court of Judicature within and for this State, to be holden at the respective times and places by law appointed for that purpose; which shall consist of one Chief Judge and two Assistant Judges, any two of whom shall be a quorum. And any one of said Justices, in the absence of the others, shall have power to open and adjourn said Court from day to day, until a quorum shall be convened, or to the next stated session at his discretion. That whenever the statutes speak of the impanelling a Grand Jury, they always contemplate a quorum of the Court, and never a single Judge, who has only power to adjourn the Court, in case there is not a

Ib. p. 78.

quorum. The 59th section of the same act provides,

That it shall be the duty of the Clerk of the Supreme Court of Judicature in each County, some time previous to every stated session of said Court, to issue a *venire* directed to the sheriff of the County, or his deputy, and seasonably deliver or cause to be delivered to such sheriff or deputy, commanding him to summon eighteen judicious men, being freeholders within said county, from the towns therein mentioned, to appear before said Court at ten o'clock on the first day of the session of said Court, to serve as Grand Jurors *in said Court.*

The 63d section provides, " That when it shall happen that a sufficient number of Jurors summoned as aforesaid do not appear, or if by reason of challenges or other causes, there shall not be a sufficient number of Jurors to make up the panel or panels, *the Court* shall order the sheriff or other officer to fill up such Jury or Juries by summoning either with or without a precept, a sufficient number of judicious men, being freeholders of the vicinity.

The 65th section makes it the duty of *the Court* to appoint a foreman. And that " no person shall be held to trial or put to plead to any indictment or information for a capital offence, unless a bill of indictment be found against such person for such crime by a Grand Jury legally impanelled and sworn."

On the other hand it was said, That although, generally speaking, a quorum of the Court must consist of two members, yet for certain purposes it might consist only of one; as in the 7th section of the judiciary act, one Judge might hold a Court for

the trial of a cause where the others were interested, or had been of counsel for either party.

That the charge to the Grand Jury rests entirely on the common law, no provision being made for it in the statutes, it being only incidentally included in the oath administered to the Grand Jury. That by our practice the charge is delivered by one Judge without the interference of the others.

That no possible injury can be pointed out as accruing to the prisoner from the Grand Jury having been impanelled, and the charge delivered by one Judge in the absence of the others. That great convenience had arisen from this mode. That the Grand Jurors and witnesses being obliged to attend the first day of the term, it would sometimes happen, that through the indisposition of the Judges, or the rigour of the season, but one of the Judges could attend until the second or third day, until when the Grand Jurors and witnesses remain idle at the public expense, when no sufficient reason can be offered why they should not be impanelled and proceed to business on the charge of the Judge present.

That the impanelling the Grand Jury, the appointment of the foreman, with the charge of the Judge, and even the directing the panel to be completed *tales de circumstantibus*, are but ministerial acts in the Judge.

And finally, That it had been heretofore the practice for one Judge, in the absence of the others, to impanel and charge the Grand Juries.

The Court ruled, that one Judge, in the absence of the others, might legally impanel and charge the

Grand Jury; and that on motion in arrest of judgment, this is no sufficient exception to the array.

<div style="text-align: right">State.<br>v.<br>Jenkins.</div>

<div style="text-align: center">Rule discharged.</div>

TYLER, Assistant Judge, having delivered the charge to the Grand Jury, gave no opinion.

---

### STATE *against* JOSEPH DAMON.

PLEA of *auterfoits convict*, in bar.

The indictment charged the defendant with an assault and battery on one *Elias Doty*, at *Wallingford*, on the 24th of *March*, A. D. 1802.

And now the said *Joseph Damon*, in his own proper person here in Court, in the custody of the sheriff, comes, &c. and to the said indictment here in Court found against him for an assault, battery, wounding, &c. made on the 24th day of *March*, 1802, on the body of *Elias Doty*, at *Wallingford*, in said County, he the said respondent says, that he has been once before convicted for the same breach of law, whereof he' is now here indicted before *Joseph Randall*, Esquire, one of the Justices of the Peace within and for the County of *Rutland*, on the 26th day of *March*, 1802, at *Wallingford* aforesaid, and by said Justice adjudged to pay a fine of six dollars to the treasury of the town of *Wallingford* aforesaid, and costs of prosecution taxed at five dollars and sixty-three cents, as by the files and records of said Justice's Court, here ready in Court to be

<div style="float: right; width: 30%">

When an assault and battery has been made upon two, and both were wounded by the same stroke, and the offender has been legally convicted before a court of competent jurisdiction for the breach of the peace in the assault and battery upon the one, an indictment cannot afterwards be maintained against him for an assault and battery upon the other.

</div>